UNITED STATES v. PARKINS.

District Court, D. Wyoming. October 11, 1926.

No. 1556.

1. **Indians** ⬤⟞32—Owner of land under government irrigation project in Indian reservation held liable for operation and maintenance charges.

An owner of land in an Indian reservation and under a government irrigation project who received water therefrom for a number of years, when he refused to make further payments on back charges due for operation and maintenance, *held* liable for such charges for each year, though on his refusal the water was turned off from his land.

2. **Indians** ⬤⟞32—User of water from government irrigation system on Indian reservation subject to action for recovery of operation and maintenance charges.

The acts of Congress authorizing irrigation projects on Indian reservations and granting power to the Interior Department to regulate the same and apportion the charges for operation and maintenance upon the lands irrigated, creates a direct liability, for such charges, which will sustain an action therefor by the United States.

At Law. Action by the United States against George W. Parkins. Judgment for plaintiff.

Albert D. Walton, U. S. Atty., of Cheyenne, Wyo.

F. A. Michaels, of Lander, Wyo., for defendant.

KENNEDY, District Judge. This is an action brought by the plaintiff to recover operation and maintenance charges against the defendant upon lands owned by the defend-

ant irrigable under the Wind River irrigation project. It does not seem to be in dispute that the irrigation project was established upon the Shoshone or Wind River Indian reservation for the purpose of irrigating lands therein, and that the acreage, some 106 acres, of defendant's lands are susceptible of irrigation under the project. At least a substantial portion of the lands of the defendant set forth in the petition were at different periods since the beginning of the operation of the project irrigated from the waters of the system.

Under the Act of August 1, 1914 (38 Stat. 582), it is provided that, in connection with the irrigation projects on Indian reservations, the Secretary of the Interior may fix maintenance charges, which shall be paid as he may direct. The lands owned by the defendant are within the reservation and under the irrigation project established by the government, and have been owned by the defendant at all times since the beginning of the operation of the project. For the years 1914, 1915, 1916, 1917, 1918, and 1919 the charges fixed by the Interior Department for operation and maintenance were upon the basis of 60 cents per acre, for the years 1920, 1921, 1922, and 1923 the charges were upon the basis of $1 per acre, and for the year 1924 upon the basis of $1.50 per acre, for each and every acre of irrigable land under said project.

Of the amounts so fixed as the operation and maintenance expense and charged against the defendant, he paid the sum of $169.20, and it further appears from the evidence that in the year 1921, on account of the failure on the part of the defendant to pay the operation and maintenance charges, the water was shut off from his land, whereupon the defendant made application for an extension of time to pay such charges then due and owing, admitting that he was indebted to the government for such charge in a sum exceeding $250, which he promised to pay on or before October 1st of that year. He was then given water, but having failed to pay either the back charges or the charges for succeeding years, and having made no application or showing for an extension of time within which to pay such charges, the water was again shut off and remained in that situation, so that the defendant actually received no water through the irrigation project for the years 1922 to 1924, inclusive.

[1] It is the contention of the plaintiff that the defendant under the circumstances is indebted for the amounts remaining due and unpaid upon the basis fixed by the Secretary of the Interior for the years 1914 to 1924, inclusive, less the amount which he has already paid. The defendant interposed a plea in his answer to the effect that the charges were excessive, but no evidence was introduced which can be considered as tending to sustain this contention, in view of the fact that the courts have decided that operation and maintenance expenses may be spread over an entire system; neither does the court find any merit in the contention that, because the operation and maintenance charges were less at one time and subsequently raised, the additional amount cannot be charged against the defendant. The chief contention of counsel for defendant seems to be that the United States, representing its Indian reclamation service, has no right to sue for and collect back charges, and that its only remedy against the defendant is to turn off the water, and in connection therewith maintain that for the years 1922 to 1924 the defendant did not have any water, and therefore cannot be charged for the use of it.

The answer to this by counsel for the government is that, the Secretary of the Interior being authorized by Congress to make rules and regulations for the government of such projects, and fix maintenance charges, providing the manner in which they shall be paid, which in this instance is admittedly upon the basis of irrigable acreage under the project, the obligation of the defendant became fixed and definite, and is recoverable in an action brought for that purpose. In this we see no defect in establishing the obligation of the defendant, he having been during all the period the owner of the land for whose benefit the water was used or might have been used. That he did not have the use of the water for the years 1922 to 1924 was owing to his own fault in either failing to pay the assessed charges or in making satisfactory arrangements for the use of the water upon agreement to pay in the future.

[2] Counsel for defendant seems to assert in his brief that the government would have a right of lien upon the lands of the water user for water actually furnished. This may be true, although he has furnished the court with no citations as to where this particular lien right is afforded by any act of Congress. We take the view that the acts of Congress authorizing the project, granting power to the Interior Department to make regulations governing the same and apportioning the fixed charges, creates a direct liability on the part of the defendant.

As the cause was tried to the court without the intervention of a jury, which was spe-

cifically waived in writing, a judgment may be entered for the amount sued for, less the payment made, with interest and costs to plaintiff, reserving to defendant his exceptions in the premises.